UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GREGORY A. BURNS,

       Plaintiff,

v.

CITIBANK, N.A.; et al.,

       Defendants.

3:13-CV-0349-LRH-WGC

ORDER

      Before the court is defendant Citibank, N.A.'s ("Citibank") motion to dismiss. Doc. #3.[1] Plaintiff Gregory A. Burns ("Burns") filed an opposition (Doc. #6) to which Citibank replied (Doc. #8).

**I.    Facts and Procedural History**

      In February 2003, non-party Dane Hillyard, trustee of the Hillyard Family Trust, purchased the underlying real property in Reno, Nevada. The legal description of the property, as identified in the Washoe County Recorder's Office, is "Parcel 1 of Parcel Map No. 3827, Fourth Parcel Map for George and Judith J. Poore, according to the map therefore, filed in the office of the County Recorder of Washoe County, State of Nevada, on December 21, 2001, as File No. 2628265, Official Records." The assessor's parcel number for the property is 049-871-09.

---

[1] Refers to the court's docket number.

In May 2007, Hillyard obtained a revolving line of credit, secured by a recorded deed of trust, from defendant Citibank with a maximum credit limit of $1,000,000. *See* Doc. #4, Exhibit B. The recorded deed of trust lists the assessor's parcel number 049-871-09; identified the trustor as Dane Hillyard, trustee of the Hillyard Family Trust; and identified the common address of the property. *Id*. However, the recorded deed of trust contained the wrong legal description of the property, listing it as parcel 1 of map 3227, rather than map 3827, and file number 2626265 instead of file number 2628265. *Id*.

In 2011, plaintiff Burns loaned Hillyard $500,000 secured by a second deed of trust. Eventually, Hillyard defaulted on the loan and Burns foreclosed under his deed of trust. On October 29, 2012, non-party NRES-NV1 LLC ("NRES") bought the property at the foreclosure sale. Burns then purchased the property from NRES in early 2013, after it allegedly discovered Citibank's deed of trust. Subsequently, on May 24, 2013, Burns filed the present action for quiet title. Doc. #1, Exhibit A. Thereafter, Citibank filed the present motion to dismiss. Doc. #3.

**II.   Legal Standard**

Citibank seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows

2

the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*. Moreover, though courts generally "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," a court may consider "matters of public record." *United States v. Corinthian Colls.*, 655 F.3d 984, 988-99 (9th Cir. 2011).

**III.   Discussion**

Under Nevada law, a plaintiff may bring a quiet title action to determine adverse claims to real property. Nev. Rev. Stat. § 40.010. In his complaint, Burns seeks a declaration that he owns the underlying property free and clear of any interest created by Citibank's recorded deed of trust. Doc. #1, Exhibit A. Specifically, Burns alleges that because of the identified errors in the legal description of Citibank's deed of trust, prior purchaser and non-party NRES took title to the property as a bone fide purchaser ("BFP"), without notice of Citibank's deed of trust. *Id*. Burns, who bought the property from NRES, contends that he is therefore entitled to the rights and

privileges of a BFP including the extinguishment of Citibank's deed of trust. *Id.*

The court has reviewed the documents and pleadings on file in this matter and finds that Burns claim for quite title as it relates to the extinguishment of Citibank's deed of trust fails as a matter of law. First, Burn's quite title action fails because his complaint makes it clear that he had notice of the Citibank deed of trust when he purchased the property from NRES. *See* Doc. #1, Exhibit A, ¶26-27 (alleging that after purchasing the property NRES discovered Citibank's deed of trust who then sold the property to Burns). Thus, Burns does not qualify as a BFP because he had actual notice of the Citibank deed of trust when he acquired the property. *See Moore v. De Bernardi*, 220 P. 544, 548 (Nev. 1923) (holding that a purchaser with actual notice of an earlier equity is not a purchaser in good faith); *see also, Allison Steel Mfg. Co. v. Bentonite, Inc.*, 471 P.2d 666, 669 (Nev. 1970).

Second, the court finds that both NRES and Burns were on constructive notice of Citibank's deed of trust as a matter of law, and therefore, neither NRES nor Burns are BFPs. The priority of competing claims to real property is governed by Nevada's recording statute, which provides that a recorded interest in property "impart[s] notice to all persons of the contents thereof; and subsequent purchasers and mortgagees shall be deemed to purchase and take notice." NRS § 111.320.

In this action, it is undisputed that Citibank's deed of trust was recorded in 2007, five years before NRES purchased the property at the foreclosure sale. Initially, Burns argues that the deed of trust was not properly recorded because the legal description of the property was partially incorrect. *See* Doc. #1, Exhibit A. However, under Nevada law, a recorded document related to real property need only contain an "adequate" description of the property. *See Hewitt v. Glaser Land & Livestock Co.*, 626 P.2d 268, 269 (Nev. 1981). A description is adequate if the property referred to can be identified with certainty by aid of extrinsic evidence. Id.

Here, Citibiank's deed of trust correctly identified the assessor's parcel number and the common property address which is referenced on both the face of the deed of trust and the attached legal description. Thus, the court finds that the Citibank deed of trust contained enough information

4

to identify the subject property with certainty.

Additionally, any allegation that neither NRES nor Burns were able to discover Citibank's deed of trust can be discounted as a matter of law because a simple title search of Nevada's grantor-grantee index would have revealed the deed of trust regardless of any inaccuracies in the legal description. In Nevada, recorder's indexes are arranged alphabetically by grantor and grantee name and not by tract. As Nevada has described its system:

> A prospective purchaser of land may search those indices to ensure that the person attempting to sell the property has clear title to it. To search the indices, the prospective purchase would first search the grantee index for the purported owner's name to ascertain when and from whom the purported owner received the property. Using that name, the purchaser would check the grantee index for the names of each previous owner, thus establishing the "chain of title." The purchaser must then search the grantor index, starting with the first owner in the chain of title, to see whether he or she transferred or encumbered the property during the time between his or her acquisition of the property and its transfer to the next person in the chain of title. *Whether or not a purchaser of real property performs this search, he or she is charged with constructive notice of, and takes ownership of the property subject to, any interest such a title search would reveal*.

*Adaven Mgmt., Inc. v. Mountain Falls Acquisition Corp.* 191 P.3d 1189, 1195 (Nev. 2008) (emphasis added); *see also, Tai-si Kim v. Kearney*, 838 F. Supp. 2d 1077, 1088-89 (D. Nev. 2012).

Here, Citibank's deed of trust correctly identified Dane Hillyard as the grantee of its recorded deed of trust. As such, a simple search of the index would have identified Citibank's deed of trust, regardless of the identified inaccuracies of the legal description. Therefore, the court finds that both NRES and Burns are charged with constructive notice of Citibank's deed of trust and are not BFPs as a matter of law. *See also, Allison Steel Mfg. Co. v. Bentonite, Inc.*, 471 P.2d 666, 669 (Nev. 1970). Accordingly, Burns' claim for quiet title fails to state a claim upon which relief can be granted.

///
///
///
///

1   IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #3) is
2  GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.
3   IT IS SO ORDERED.
4   DATED this 18th day of October, 2013.

                                                _____
                                                LARRY R. HICKS
                                                UNITED STATES DISTRICT JUDGE